Mark Berkowitz (Bar No. 232472017)
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Tel.:     (212) 216-8000
E-mail: mberkowitz@tarterkrinsky.com
*Attorneys for Defendant/Counterclaim-Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEEL+HAYDEN, LLC d/b/a GLO SKIN BEAUTY, <br><br> Plaintiff, <br><br> v. <br><br> LY BERDITCHEV CORP., <br><br> Defendant. | Case No. 2:24-cv-07823-ES-MAH <br><br><br> **JURY TRIAL DEMANDED** |
| LY BERDITCHEV CORP., <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> CALEEL+HAYDEN, LLC d/b/a GLO SKIN BEAUTY, <br><br> Counterclaim-Defendant. | |

## LY BERDITCHEV CORP.'S AMENDED ANSWER, <br> AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant LY Berditchev Corp. ("Defendant" or "LYB"), through its

counsel, hereby further responds to the Complaint, dated April 23, 2024 (ECF No.

1, "Complaint") of Plaintiff Caleel+Hayden, LLC d/b/a Glo Skin Beauty

("Plaintiff") as set forth below. In response to all paragraphs of the Complaint, Defendant denies each and every allegation except as expressly admitted herein. Defendant responds specifically to Plaintiff's averments as follows:

1.      Defendant admits that Plaintiff purports to seek injunctive and monetary relief. Defendant denies that Plaintiff is entitled to any relief.  Defendant denies the remainder of the allegations of paragraph "1" of the Complaint.

2.      Defendant denies the allegations of paragraph "2" of the Complaint.

3.      Defendant admits that Plaintiff purports to seek injunctive and monetary relief. Defendant denies that Plaintiff is entitled to any relief.  Defendant denies the remainder of the allegations of paragraph "3" of the Complaint.

## JURISDICTION AND VENUE

4.      Defendant admits that this Court has subject matter jurisdiction over this action.

5.      Defendant admits that it is subject to personal jurisdiction in this Court, and that it is a New York corporation.  Defendant denies the remainder of the allegations of paragraph "5" of the Complaint.

6.      Defendant denies the allegations of paragraph "6" of the Complaint. This action has now been transferred by consent of the parties.

## PARTIES

7.      Defendant denies the allegations of paragraph "7" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

8.      Defendant admits that it is a New York corporation, with an initial filing with the New York Department of State of January 6, 2015, and that it owns the "LY Berditchev Co." storefront on the Amazon.com marketplace, with a business address listed as 95 High Street, Passaic, NJ, 07055.

## FACTS

9.      Defendant admits that the U.S. Patent and Trademark Office ("USPTO") has issued U.S. Registration No. 5,347,389 for GLO SKIN BEAUTY (stylized) on certain "non-medicated body care products" and U.S. Registration No. 6,845,080 for GLO SKIN BEAUTY on certain "non-medicated body care products," according to the database maintained by the USPTO.

10.     Defendant denies the allegations of paragraph "10" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

11.     Defendant denies the allegations of paragraph "11" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

12.     Defendant denies the allegations of paragraph "12" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

13.     Defendant denies the allegations of paragraph "13" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

14.     Defendant denies the allegations of paragraph "14" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

15.     Defendant denies the allegations of paragraph "15" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

16.     Defendant denies the allegations of paragraph "16" of the Complaint.

17.     Defendant denies the allegations of paragraph "17" of the Complaint.

18.     Defendant denies that any party needs to be "authorized" by a brand in order to resell genuine goods. *See, e.g.*, *Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 301 n.4 (3d Cir. 1998) ("[A] trademark owner's authorized initial sale of its product into the stream of commerce extinguishes the trademark owner's rights to maintain control over who buys, sells, and uses the product in its authorized form."). Defendant denies the remaining allegations of paragraph "18" of the Complaint in

4

that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

19.    Defendant denies the allegations of paragraph "19" of the Complaint.

20.    Defendant admits that it has resold genuine GLO SKIN BEAUTY branded products through its storefront on the Amazon.com marketplace. Defendant denies the remainder of the allegations of paragraph "20" of the Complaint.

21.    Defendant admits that it has resold genuine, new GLO SKIN BEAUTY branded products.

22.    Defendant denies the allegations of paragraph "22" of the Complaint.

23.    Defendant denies the allegations of paragraph "23" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

24.    Defendant denies the allegations of paragraph "24" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

25.    Defendant denies the allegations of paragraph "25" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

26.     Defendant denies the allegations of paragraph "26" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

27.     Defendant denies the allegations of paragraph "27" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

28.     Defendant denies the allegations of paragraph "28" of the Complaint.

29.     Defendant denies the allegations of paragraph "29" of the Complaint.

30.     Defendant denies the allegations of paragraph "30" of the Complaint.

31.     Defendant denies the allegations of paragraph "31" of the Complaint.

32.     Defendant denies the allegations of paragraph "32" of the Complaint.

33.     Defendant denies the allegations of paragraph "33" of the Complaint.

34.     Defendant denies the allegations of paragraph "34" of the Complaint.

35.     Defendant denies the allegations of paragraph "35" of the Complaint.

36.     Defendant denies the allegations of paragraph "36" of the Complaint.

37.     Defendant denies the allegations of paragraph "37" of the Complaint.

38.     Defendant denies the allegations of paragraph "38" of the Complaint.

39.     Defendant denies the allegations of paragraph "39" of the Complaint.

40.     Defendant denies the allegations of paragraph "40" of the Complaint.

41.     Defendant denies the allegations of paragraph "41" of the Complaint.

42.     Defendant denies the allegations of paragraph "42" of the Complaint.

## COUNT I

43.     Defendant repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraph "43" of the Complaint herein with the same force and effect as though set forth at length.

44.     Defendant admits that Plaintiff purports to state a claim for federal trademark infringement under 15 U.S.C. § 1114.

45.     Defendant denies the allegations of paragraph "45" of the Complaint.

46.     Defendant denies the allegations of paragraph "46" of the Complaint.

47.     Defendant denies the allegations of paragraph "47" of the Complaint.

48.     Defendant denies the allegations of paragraph "48" of the Complaint.

49.     Defendant denies the allegations of paragraph "49" of the Complaint.

## COUNT II

50.     Defendant repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraph "50" of the Complaint herein with the same force and effect as though set forth at length.

51.     Defendant admits that Plaintiff purports to state a claim for federal trademark infringement under 15 U.S.C. § 1125(a).

52.     Defendant denies the allegations of paragraph "52" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

53.     Defendant denies the allegations of paragraph "53" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

54.     Defendant denies the allegations of paragraph "54" of the Complaint.

55.     Defendant denies the allegations of paragraph "55" of the Complaint.

56.     Defendant denies the allegations of paragraph "56" of the Complaint.

57.     Defendant denies the allegations of paragraph "57" of the Complaint.

58.     Defendant denies the allegations of paragraph "58" of the Complaint.

59.     Defendant denies the allegations of paragraph "59" of the Complaint.

60.     Defendant denies the allegations of paragraph "60" of the Complaint.

## COUNT III

61.     Defendant repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraph "61" of the Complaint herein with the same force and effect as though set forth at length.

62.     Defendant denies the allegations of paragraph "62" of the Complaint.

63.     Defendant denies the allegations of paragraph "63" of the Complaint.

64.     Defendant denies the allegations of paragraph "64" of the Complaint.

65.     Defendant denies the allegations of paragraph "65" of the Complaint.

66.     Defendant denies the allegations of paragraph "66" of the Complaint.

67.     Defendant denies the allegations of paragraph "67" of the Complaint.

68.     Defendant denies the allegations of paragraph "68" of the Complaint.

To the extent that any response is required to any of the paragraphs in the Complaint following the word "WHEREFORE" (on pages 14–16 of the Complaint), Defendant denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.  In particular, the Complaint fails to provide any factual support for any of the claims from which the Court could conclude that Defendant is liable for any claim.

### SECOND AFFIRMATIVE DEFENSE

The Complaint are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred by the exhaustion doctrine/first sale doctrine. In particular, the GLO SKIN BEAUTY brand products sold by Defendant are not materially different than the GLO SKIN BEAUTY products authorized for sale in the United States by Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands. In particular, Plaintiff's claims are barred by its own unlawful conduct.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, by trademark misuse.

\*        \*        \*

Defendant reserves the right to allege additional Affirmative Defenses as they become known, and accordingly to amend this Answer.

## DEMAND FOR JURY TRIAL

Defendant hereby requests a jury trial for all issues triable by jury.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

    A. That Plaintiff takes nothing by reason of its Complaint;

    B. That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice;

    C. For judgment in favor of Defendant on Plaintiff's Complaint;

    D. For attorneys' fees and costs incurred to the extent permitted by law; and

    E. For such other and further relief as this Court may deem just and proper.

## COUNTERCLAIMS

The Defendant/Counterclaim-Plaintiff LY Berditchev Corp. ("Counterclaim-Plaintiff" or "LYB"), through its counsel, hereby files counterclaims against the Plaintiff/Counterclaim-Defendant Caleel+Hayden, LLC d/b/a Glo Skin Beauty ("Glo Skin") as follows:

## THE PARTIES

1.      LYB is a New York corporation with a place of business in New Jersey.

2.      On information and belief, Glo Skin is a Delaware company with its principal place of business located at 610 East 55th Avenue Denver, Colorado 80216.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over these counterclaims pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq., including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

4.      This Court also possesses subject matter jurisdiction under 28 U.S.C. § 1332 because complete diversity exists between the Counterclaim-Plaintiff LYB and the Counterclaim-Defendant Glo Skin and the amount in controversy is greater than $75,000.

5.     This Court has personal jurisdiction over Glo Skin because it has subjected itself to the jurisdiction of this Court for purposes of these counterclaims, and because it transacts business within the State of New Jersey, and has committed tortious acts causing injury within the State of New Jersey.

6.     Glo Skin regularly, systematically, and continuously solicit business within New Jersey via its respective websites (including Amazon storefront), through which it sells and offers for sale products that compete with LYB.

7.     Counterclaim-Defendant Glo Skin has established sufficient minimum contacts with this District such that they should reasonably and fairly anticipate being called into court in this District, and have purposefully directed their unlawful acts at residents of New Jersey.

8.     With respect to these counterclaims, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## **BACKGROUND FACTS**

9.     Glo Skin is in the business of manufacturing and distributing skin care products and cosmetics under the GLO SKIN brand ("Glo Skin Products").

10.    Glo Skin is the registrant of U.S. Trademark Registration Nos. 5,347,389 and 6,845,080 for the mark GLO SKIN BEAUTY ("the Glo Skin Registrations").

11.     LYB is in the business of lawfully acquiring and re-selling various consumer products for a profit.

12.     LYB resells products through an Amazon storefront.

13.     Since its formation, LYB's Amazon storefront has served hundreds of thousands of customers.

14.     A small sample of Plaintiff's recent reviews are shown below:



15.     Glo Skin's illegal actions have irreparably damaged LYB's successful business.

### Counterclaim-Defendant Glo Skin Uses its Amazon Storefront to Dispose of Damaged and Defective Merchandise

16.     Like LYB, Glo Skin operates an Amazon storefront through which it sells Glo Skin Products.

17.     Glo Skin advertises products on the Glo Skin Storefront, which competes with LYB's Amazon storefront.

18.     However, Glo Skin does not compete fairly.

19.     Glo Skin uses its Amazon Storefront as an outlet to dump used, damaged and defective products on unsuspecting Amazon customers.

20.     Glo Skin ships customers products that do not match the advertised product.

21.     As can be seen in the plethora of negative reviews, Amazon customers routinely receive old, damaged and incomplete products from the Glo Skin storefront:

# GLO SKIN BEAUTY

 SKIN BEAUTY   Visit the GLO SKIN BEAUTY storefront

**Detailed Seller Information**

**Business Name:** Caleel Hayden, LLC
**Business Address:**
610 E 55TH AVE UNIT 100
Suite 100
DENVER
Colorado
80216-1742
US

★★☆☆☆   "Bottle cap broken in half but the other half wasn't even in the bag. Appeared broken before shipping since bag was sealed. No safety seal in product. Could be filled with anything."
Read less
By Eileen M on May 9, 2024.

★★☆☆☆   "Something about this particular one, I've used GloSkin/Glo Minerals (previously named) for over 16 yrs—this one appears almost mucky at first and does not apply well either, feel like I'm continually dabbing my brush in to apply more for coverage of my redness on nose and cheeks! It's also caused a few unwanted/unwarranted pimply reactions on my nose, which is key indicator, the product I received is NOT true blue GloSkin!!!! If so, is must be very old. I've not had a reaction like this unless I have either A) TRIED a new product (quit doing that because GloSkin has ALWAYS held true to NOT give me a reaction) or B) the product is a knock off or very very old/outdated! Disappointed in this purchase! I've ordered the very same product for years on AMAZON, same color, same everything, but never this issue!!!!"
Read less
By Kimberly McNew on March 7, 2024.

★★☆☆☆   "Used item/fingerprint on the concealer, smudges on the package, clearly used"
By Valentine on October 15, 2023.

★☆☆☆☆   "This product is bad – it is cloudy. I have it on subscribe and save. So, I know it's supposed to be clear. It smells different as well. How do I get a refund?"
By Amazon Customer on September 7, 2023.

22.   Indeed, the products sold by Glo Skin are of such poor quality and condition that Glo Skin itself has identified the products as "fake version[s] of the product":

★☆☆☆☆   "When I checked with the brand, this product they are selling is a fake version of the product. I should have done more research before buying the fake product."
By Clay on June 7, 2024.

23.   Purchases from the Glo Skin storefront, likewise, confirmed that Glo Skin sells damaged and defective products through its Glo Skin storefront.

24.    For example, both Glo Skin and LYB advertise and sell Glo Skin Products under Amazon Standard Identification Numbers ("ASINs") B09ML38KK7 and B084XS3Y2T.

25.    Shown below are products purchased from the Glo Skin storefront




**Sold under ASIN: B09ML38KK7**          **Sold under ASIN: B084XS3Y2T**

26.    By using their Glo Skin storefront as an outlet for damaged and degraded merchandise, while purporting to offer the same product as LYB, Glo Skin harms LYB and Amazon's customers.

16

## COUNTERCLAIM I – DECLARATORY JUDGMENT

27.     LYB incorporates by reference and realleges each of the allegations set forth in Paragraphs 1–26 above.

28.     Glo Skin has asserted claims against LYB for purported infringement of its purported trademark rights, including the Glo Skin Registrations.

29.     LYB contends that it has never infringed on any of Glo Skin's purported trademarks, and in particular, its purchase and resale of Glo Skin products were at all times lawful.

30.     LYB seeks to sell Glo Skin Products on Amazon and elsewhere on the Internet.

31.     As a result of Glo Skin's assertion of claims against LYB for infringement of Glo Skin's purported trademark rights, there is a definite and concrete dispute, touching the legal relations of the parties to this action.

## COUNTERCLAIM II – FALSE ADVERTISING, 15 U.S.C. § 1125(a)

32.     LYB incorporates by reference and realleges each of the allegations set forth in Paragraphs 1–26 above.

33.     Glo Skin has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding its products. These advertisements contain actual

misstatements and misleading statements, including regarding the condition of these products.

34.    These false statements actually deceive, or have a tendency to deceive, a substantial segment of Amazon customers and potential customers for Glo Skin Products. This deception is material in that it is likely to influence the purchasing decisions of customers for Glo Skin Products.

35.    Glo Skin's false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

36.    Glo Skin, as described more fully above, has caused, and will continue to cause, immediate and irreparable injury to LYB for which there is no adequate remedy at law. As such, LYB is entitled to an injunction under 15 U.S.C. § 1116 restraining Glo Skin, its agents, employees, representatives, and all persons acting in concert with it, from engaging in further acts of false advertising, and ordering removal of all Glo Skin's false advertisements.

37.    Pursuant to 15 U.S.C. § 1117, LYB is entitled to recover from Glo Skin the damages sustained by LYB as a result of Glo Skin's acts in violation of Section 43 of the Lanham Act.

38.    Pursuant to 15 U.S.C. § 1117, LYB is also entitled to recover from Glo Skin the gains, profits, and advantages that they have obtained as a result of its unlawful acts.

39.     Pursuant to 15 U.S.C. § 1117, LYB is further entitled to recover the costs of this action. Moreover, LYB is informed and believes that Glo Skin's conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling LYB to recover additional damages and reasonable attorneys' fees.

## COUNTERCLAIM III – NEW JERSEY UNFAIR COMPETITION
### (N.J.S.A. 56:4-1, et seq.)

40.     LYB incorporates by reference and realleges each of the allegations set forth in Paragraphs 1–26 above.

41.     Glo Skin is in direct competition with LYB.

42.     Glo Skin's willful and knowing promotion, advertisement, sale and offering for sale of damaged and defective goods has caused harm to LYB.

43.     Such acts constitute deceptive trade practices and unfair competition in the conduct of trade and commerce in violation of state law, including New Jersey Statute § 56:4-1, et seq.

44.     Glo Skin's actions have proximately caused LYB damage, and LYB is entitled to compensatory damages under the law.

45.     Due to Glo Skin's conduct, LYB has suffered and will continue to suffer irreparable harm. It would be difficult to ascertain the amount of actual damages that would afford LYB adequate relief at law for Glo Skin's acts and continuing acts. LYB's remedy at law is not adequate to compensate it for the

injuries already inflicted and further threatened by Glo Skin. Accordingly, LYB is entitled to preliminary and permanent injunctive relief.

46.     Glo Skin's conduct has been intentional and willful and in conscious disregard of LYB's rights and, therefore, LYB is entitled to damages, and those damages should be trebled under the law of the State of New Jersey.

## PRAYER FOR RELIEF

**WHEREFORE**, the Counterclaim-Plaintiff prays for judgment as follows:

A.     An order declaring that Counterclaim-Plaintiff has not infringed any valid and enforceable intellectual property right owned by Counterclaim-Defendant, including the Glo Skin Registrations;

B.     An award of all damages that Counterclaim-Plaintiff has suffered as a result of Counterclaim-Defendant's false advertising;

C.     An award of all damages that Counterclaim-Plaintiff has suffered as a result of Counterclaim-Defendant's unfair competition;

D.     An award of all costs and fees incurred in this Action; and

E.     Such other and further relief as the Court shall find just and proper.

## DEMAND FOR JURY TRIAL

LYB hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Respectfully submitted,

Dated: July 23, 2024                    By: *s/ Mark Berkowitz*
                                             Mark Berkowitz (Bar No. 232472017)
                                             TARTER KRINSKY & DROGIN LLP
                                             1350 Broadway
                                             New York, NY 10018
                                             Tel.:    (212) 216-8000
                                             Fax:     (212) 216-8001
                                             E-mail: mberkowitz@tarterkrinsky.com

                                             *Attorneys for Defendant/*
                                             *Counterclaimant LY Berditchev Corp.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2024, the foregoing document, entitled **LY BERDITCHEV CORP.'S AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**, was filed with the Clerk of the Court by using the CM/ECF system, which will cause such documents to be served on all counsel of record identified below via transmission of Notice of Electronic Filing generated by CM/ECF:

Michael R. Murphy
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100
Email: michael.r.murphy@klgates.com


*s/ Mark Berkowitz*