# K&L GATES

November 27, 2024

**By ECF**

The Honorable Michael A. Hammer, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Adam G. Husik
Adam.husik@klgates.com

T +1 978 848 4000
F +1 978 848 4001

**Re:**   *Caleel+Hayden, LLC d/b/a Glo Skin Beauty v. LY Berditchev Corp.*,
Case No. 2:24-cv-07823-ES-MAH

Dear Judge Hammer:

We represent Plaintiff Caleel+Hayden, LLC d/b/a Glo Skin Beauty (Plaintiff or "Glo Skin Beauty"). In accordance with Paragraph 6 of the Court's September 24, 2024 Pretrial Scheduling Order, we submit this correspondence to raise a narrow and fundamental discovery issue which remains unresolved despite our best efforts to meet and confer with opposing counsel.

### I.   A Specific Description of the Discovery Sought by Plaintiff

This lawsuit arises from Defendant's wrongful and unauthorized promotion and sale of non-genuine foreign products of unknown origin which bear the Glo Skin Beauty Marks. *See*, *e.g.*, Complaint, ECF No. 1, at ¶¶ 1, 16-31. Glo Skin Beauty served its first sets of requests for production, requests for admissions and interrogatories to defendant LY Berditchev Corp. on October 7, 2024. Defendant provided objections and responses to Plaintiff's discovery demands on November 6, 2024.

Upon noting multiple deficiencies in Defendant's written discovery responses, the undersigned requested a meet and confer conference call with counsel for LY Berditchev Corp. as discussed in Section III, below. While both parties ultimately raised discovery issues regarding certain

written responses during the November 22 meet and confer call, it was agreed that the parties would further confer regarding open issues, particularly after review of documents produced by December 13, 2024, the date for pending document productions which was agreed to during the meet and confer session.

However, unlike open issues that require further investigation or clarification from counsels' respective clients, counsel for LY Berditchev Corp. confirmed that their client refuses to produce any documents or information regarding the source, supplier and chain of custody of the products sold by Defendant that bear the Glo Skin Beauty Marks.

Through a wall of boilerplate objections, LY Berditchev Corp. argues that Plaintiff's requests relating to this topic seek information that is "not relevant to any party's claims or defenses and is not proportional to the needs of the case," that it is "protected by attorney-client privilege and/or work product doctrine," that it "calls for a legal opinion or conclusion," and that the requests seek "highly confidential, commercial sensitive and trade secret information…" *See*, *e.g.* Ex. A at 3-4. Defendant also argues that such information seeks information that is subject to unspecified "protective orders, non-disclosure agreements, confidentiality agreements, or other obligations of confidentiality" and that the "identify of Defendant's suppliers has no bearing on any issue in this case." *See id.*

The specific discovery demands at issue and the relevance of same are set forth below, but all seek information regarding the same core issues - namely the source, supplier and chain of custody of Defendant's products of unknown origin that bear the Glo Skin Beauty Products.

Given that the source of these products sold by Defendant is a fundamental and threshold issue in this matter, Defendant's refusal to produce information or documents on this topic is improper, evasive and disingenuous. Moreover, any purported confidentiality concerns are illusory given the Court's entry of the parties' agreed-to confidentiality order which adopts the provisions of this

District's Appendix S Model Order, including the availability of Attorneys' Eyes Only and Confidential designations as the situation may warrant. *See* Order at ECF. No. 33.

## II. The Relevance of the Discovery Sought

This narrow discovery issue and Defendant's repeated litany of blanket objections pervades multiple discovery responses which LY Berditchev Corp. should be compelled to respond to in a substantive and complete manner. The requests include the following:

Plaintiff's Requests for Production

Request Nos. 3, 5, and 6.

Plaintiff's Interrogatories

Request Nos. 5, 6, 9, and 11.

In the interest of judicial economy, we attach only the relevant excerpts of Defendant's written responses, which also includes the full text of the subject Requests. *See* Ex. A.[1]

Each of Plaintiff's Requests directly relate to the claims of its Complaint, despite Defendant's blanket objections. The source, acquisition and chain-of-custody of Defendant's products which bear the Glo Skin Beauty Mark go to the heart of Plaintiff's claims.

Specifically, Plaintiff alleges that the products sold by Defendant are non-genuine, foreign products of unknown origin which are not manufactured by Glo Skin Beauty. Therefore, the origin and subsequent flow through the market of the subject products are directly relevant to the claims before this Court this matter.

---

[1] As indicated above, Plaintiff has raised issues regarding additional discovery responses but those meet and confer efforts remain ongoing. LY Berditchev Corp. similarly voiced its own issues during the November 22, 2024 meet and confer call, as well as in a follow-up November 26, 2024 correspondence. Therefore, we limit the instant submission to this narrow discovery issue where meet and confer efforts have failed, given Defendant's absolute refusal to provide substantive responses on a core liability issue.

Moreover, Defendant asserts a first sale defense which requires proof that the goods in question are genuine and the nature of their acquisition. See Defendant's Third Affirmative Defense, ECF No. 12 at 12 ("Plaintiff's claims against Defendant are barred by the exhaustion doctrine/first sale doctrine. In particular, the GLO SKIN BEAUTY brand products sold by Defendant are not materially different than the GLO SKIN BEAUTY products authorized for sale in the United States by Plaintiff"). Defendant also avers that it has "resold genuine GLO SKIN BEAUTY branded products through its storefront on the Amazon.com marketplace…" *See id.* at 3, ¶ 20. Plaintiff is thus entitled to seek discovery as to the origin and nature of the products sold by Defendant as the information sought goes to both Plaintiff's claims as well as LY Berditchev's defenses.

### III.   An Explanation of the Parties' Efforts to Meet and Confer to Resolve the Dispute

Following receipt of Defendant's discovery responses on November 6, 2024, the undersigned wrote to counsel for LY Berditchev Corp. on November 7, 2024 to request a meet and confer call regarding deficiencies in the responses and their numerous improper objections. After a series of follow-up efforts to schedule a call, Defense counsel ultimately agreed to participate in a call which occurred on November 22, 2024.

During the meet and confer discussion, we stepped through the above-cited Requests and – given the nature and number of objections asserted - inquired whether Defendant's refusal to produce responsive information and documents was due to definitional or other technical issues relating the language in the Requests, or rather was premised on a fundamental refusal to furnish the requested source information. We also asked whether this was an issue that required further consultation with their client. In addition, we reiterated that the Confidentiality Order in this matter addressed any concerns as to the production of trade secret or other confidential materials as such materials could be designated and treated appropriately.

The meet and confer discussion resulted in confirmation that Defendant refuses to provide substantive responses to these Requests as it is Defendant's position that they seek information that is not relevant to the litigation. Therefore, this issue is ripe for presentation to Your Honor.

## IV.     Legal Argument

Plaintiff Glo Skin Beauty is entitled to discovery on the claims as pled in its Complaint as well as Defendant's defenses. The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).[2] Discovery material is "not limited to that which would be admissible at trial, but also includes any non-privileged information that 'appears reasonably calculated to lead to the discovery of admissible evidence.'" *Iqvia, Inc. v. Veeva Sys.*, 2018 U.S. Dist. LEXIS 176091 (D.N.J. 2018) (citations omitted). The scope of permissible discovery has been construed broadly to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citations omitted).

For the foregoing reasons, Plaintiff respectfully requests the entry of an Order compelling Defendant to respond substantively and completely to the above-enumerated discovery requests in a timely manner to avoid any further delays in this matter.

---

[2]     The fundamental principle behind the Federal discovery rules is that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). As such, if a party fails to adequately respond to discovery requests "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Justiano v. G4S Secure Sols., Inc.*, 291 F.R.D. 80, 83 (D.N.J. 2013) (*citing* Fed. R. Civ. P. 26(b)(1)).

      Thank you for Your Honor's consideration of this issue.

Respectfully submitted,

*/s/ Adam G. Husik*
Adam G. Husik

Enc.
cc: All counsel of Record via ECF

321586045.1